## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 29 2018, 9:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Daryl Clifton Bradley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 29, 2018

Court of Appeals Case No.
40A01-1710-CR-2310

Appeal from the Jennings Circuit Court

The Honorable Jon W. Webster, Judge

Trial Court Cause No.
40C01-1703-F2-002

**Vaidik, Chief Judge.**

# Case Summary

Daryl Bradley appeals his conviction for possession of at least ten grams of methamphetamine with intent to deliver. He argues that the trial court violated Indiana Rule of Evidence 404(b) by admitting evidence that he had a prior conviction for manufacturing meth. We affirm Bradley's conviction without resolving that issue, because even if the trial court erred by allowing the evidence, the error was harmless in light of the strength of the State's other evidence.[1]

# Facts and Procedural History

On the afternoon of February 28, 2017, Bradley was driving in Butlerville when an Indiana State Trooper pulled him over. The trooper had his dog sniff Bradley's car while he was waiting for the results of a license check, and the dog alerted. A search of the car turned up five bags of meth, some of it blue. Some of the bags had the letter "g" written on them with a black marker, and others had a black dot. Bradley said that "g" meant that the bag contained one gram and that the black dot "meant maybe half a gram." Tr. Vol. II p. 139. On the screen of a cell phone in the car the trooper saw text messages in which "somebody was requesting a quarter of blueberries. There was a response that

---

[1] Bradley also challenges his conviction on the ground that the State presented insufficient evidence. Given our conclusion that the unchallenged evidence was strong enough to render harmless any 404(b) error, we need not separately address the sufficiency argument.

they didn't have a quarter . . . and it was eventually settled for a 'b' for $300." *Id*. at 140. The trooper later "figured out the blueberries probably meant the blue meth." *Id*. at 141. Bradley admitted that the text messages referenced "a drug deal." *Id*. at 142.

[3] Bradley also consented to a search of his house, which was just down the street. Three bags of meth were found in a nightstand in Bradley's bedroom, and fourteen bags were found under a trashcan liner. In addition, troopers found packaging materials, bread ties, a digital scale, a black marker, and "a handwritten piece of paper" that "looked like an itemized list of the methamphetamine." *Id*. at 149-50. The twenty-two bags found in the car and the house contained a total of approximately nineteen grams of meth.

[4] The State charged Bradley with two counts of possession of at least ten grams of meth: one charging intent to deliver, a Level 2 felony, and one charging simple possession, a Level 4 felony. Before trial, Bradley filed a motion in limine asking that the State be prohibited from mentioning that he had a prior conviction for manufacturing meth and that he "is currently on parole" for that conviction. Appellant's App. Vol. II p. 44. The trial court granted the motion. At trial, however, after Bradley testified that the meth in his possession was all for personal use, the State asked for permission to question him about the prior conviction, and the court allowed it. The jury found Bradley guilty as charged. The trial court entered a conviction on the intent-to-deliver count only and sentenced Bradley to twenty years in prison.

Bradley now appeals.

# Discussion and Decision

Bradley contends that the trial court should not have let the State question him about his prior conviction for manufacturing meth. He argues that the "intent of the State in introducing this evidence was to argue to the jury that because Bradley had been convicted of manufacturing in the past he must have committed dealing in the present." Appellant's Br. p. 13. As such, Bradley asserts, the admission of the evidence violated Evidence Rule 404(b)(1), which provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

The State, on the other hand, maintains that the evidence was admissible under Rule 404(b)(2), which provides that such "other act" evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Specifically, the State contends that Bradley's history of manufacturing meth tends to make it at least somewhat more probable that he intended to deliver the meth found in this case (i.e., that he is more than just a user) and that the evidence was therefore admissible under the "intent" provision of Rule 404(b)(2).

[8] We are inclined to agree with the State, but we need not delve any deeper into the issue. Even if we assume that the trial court erred by admitting the prior-conviction evidence, the error was harmless. The erroneous admission of evidence does not require reversal unless it prejudices the defendant's substantial rights. *Blount v. State*, 22 N.E.3d 559, 564 (Ind. 2014). To determine whether an error in the introduction of evidence affected the defendant's substantial rights, we assess the probable impact of that evidence upon the jury considering all the other evidence that was properly presented. *Id*. If we are satisfied that the conviction is supported by independent evidence of guilt such that there is no substantial likelihood that the challenged evidence contributed to the verdict, the error is harmless. *Id*.

[9] Here, the independent evidence that Bradley intended to deliver at least some of the meth is significant, if not overwhelming. He had approximately nineteen grams of meth, which would be a very large amount for a mere user. *See* Tr. Vol. II pp. 111-12. The nineteen grams were divided between twenty-two bags, a strong indicator of dealing. *See id*. at 113, 142-43. The bags had been stored in a variety of locations, a common tactic of drug dealers. *See id*. at 114-16, 151. Text messages outlining the terms of a drug deal appeared on the screen of a phone in Bradley's car. Bradley had several supplies used by drug dealers, including packaging materials, bread ties, and a digital scale. A black marker was found among other drug supplies, and a black marker had been used to identify the amount of meth in at least some of the bags. And perhaps most tellingly, Bradley had an "itemized list of the methamphetamine." He testified

that the purpose of the list was to keep track of his own personal use, but one can easily see why a jury would reject such an explanation. In light of all this evidence, we are convinced that the jury would have reached the same result even if it had not learned about Bradley's prior conviction.

[10] Affirmed.

Barnes, J., and Pyle, J., concur.